John J. Volin, #09880
JOHN JOSEPH VOLIN, P.C.
2033 East Warner Road
Suite 107
Tempe, AZ  85284
Phone:(480) 820-0800
Fax:(480) 820-3575
Email: joe@volinlaw.com
Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TONY LEE APPLE, SR. and,<br>RUBY APPLE,<br><br>xxx-xx-5741 & xxx-xx-2230,<br><br>      Debtors. | Chapter 13 Proceeding<br><br>Case No: 2-08-bk-13172<br><br>**SECOND AMENDED**<br>CHAPTER 13 PLAN AND<br>APPLICATION FOR PAYMENT<br>OF ADMINISTRATIVE EXPENSE |

Debtors propose the following Chapter 13 Plan:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.**  Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan.

    a. **FUTURE EARNINGS OR INCOME.**  Debtors shall pay to the Trustee, on or before the 13th day of each month, commencing November 13, 2008, payments pursuant to the following schedule or until all claims of record are paid:

| | | |
|---|---|---:|
| Months: 01-07 | 11/13/2008 to 05/13/2009 | $ 1,244.00 |
| Months: 08-10 | 06/13/2009 to 08/13/2009 | 431.00 |
| Months: 11-60 | 09/13/2009 to 10/13/2013 | 775.00 |

Debtors request a reduction in the amount of the Plan payment for months 8 through 10 (June through August 2009) to allow Debtors to pay tax due to the U.S. Treasury and the Arizona Department of Revenue for tax year 2008 and to pay post-petition attorney fees assessed by Saxon Mortgage.

Debtors shall remit all payments on or before the stated due date each month.  When payments are remitted late, additional interest may accrue on secured debts, which may

result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Plan can be deemed completed.

      b.   **OTHER PROPERTY.**  None.  In the event other property is submitted to the Trustee, it shall be treated as advance payments under Paragraph 1(a) above, unless otherwise ordered by the Court.

    2.   **DURATION.**  This Plan shall continue for **Sixty (60) months** from the first payment.

## CLAIMS

The Plan and this Order shall <u>not</u> constitute an informal proof of claim for <u>any</u> creditor.  If a creditor files a secured claim in an amount less than the amount proposed in the Plan, the creditor will be paid the secured amount as set forth in its proof of claim.

    3.   **CLASSIFICATION AND TREATMENT OF CLAIMS.**  Claims shall be classified and paid as listed below:

      a.   **ADMINISTRATIVE EXPENSES.**

        (1) **Trustee's Fees:**  The Chapter 13 Trustee shall receive such percentage fee as may periodically be fixed by the U.S. Attorney General pursuant to 28 U.S.C. Section 586(e), not to exceed 10 percent.

        (2) **Attorney's Fees:**  A total of **$2,000.00** shall be paid as an administrative expense prior to commencement of payments on any claims listed hereafter.

        The basic fee shall cover the following services: Representation in proceedings before the U.S. Bankruptcy Court to include interview and investigation of facts, counseling on alternative remedies available and consequences of bankruptcy, preparation and filing statements and schedules, and other initial papers including clerical services, representation at one section 341(a) meeting, representation at one confirmation hearing, and counseling and advice during the case up to a maximum of two hours of attorney time regarding the case, and up to one hour of attorney time for negotiation of agreements with secured creditors.

The fees above will specifically not include the following: conversion of the case to a different chapter; additional hearings, pleadings, or amendments required as a result of client's failure to provide sufficient information or appear as required; preparation of motions for plan modifications or plan moratoriums and court appearance for said motions; motions to approve post-petition debt(s); motion to sell estate property; representation of client in a contested hearing including, but not limited to, motions to lift the automatic stay, objections to discharge, and motions to dismiss. Fees for these services shall be billed at $200.00 per hour for attorney services and $75.00 per hour for legal assistant services. Time will be billed in units of tenths of an hour and any portion of a tenth will be charged as a full tenth. No additional fee will be collected without approval of the court.

      b.   **CLAIMS SECURED BY REAL PROPERTY.** The following creditor(s) shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim. Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan. No payment shall be deemed late and the agreement, which is the basis for a claim, shall not be deemed in default as a result of arrearages cured under this Plan. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. Should creditor file an objection, based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation, creditor accepts full responsibility for its own attorney fees in connection with the objection. The arrearage as adjusted (including late charges) shall be cured prior to commencement of payment on claims listed hereafter.

The Debtors' homesteaded exemption in real property may only be transferred, encumbered, or sold **subject to the Trustee's prior written approval.**

The estimated arrears are as follows:

| CLAIMANT | SECURITY | ARREARS |
|---|---|---|
| Saxon Mortgage Services<br>PO Box 161489<br>Ft. Worth TX 76161-1489 | 8134 E Encanto Street<br>Mesa AZ 85207<br>Value: $217,500.00 | $2,064.61 |

| CLAIMANT | SECURITY | ARREARS |
|---|---|---|
| Ocwen Loan Servicing, LLC<br>PO Box 785056<br>Orlando FL  32878-5056 | 8134 E Encanto Street<br>Mesa AZ  85207<br>Value: $217,500.00 | $603.84 |

   c. **CLAIMS SECURED BY PERSONAL PROPERTY.** The following shall retain their interest in property securing their claims.  They shall be paid the lesser of the debt balance or the value of the property securing their claim, plus the interest at the rate specified as a secured claim.  Upon payment of this amount, their security interest shall be released.  Any unpaid balance shall be classified and paid as an unsecured claim.  Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed thereafter.

   Any claims not specifically named in this Plan are presumed to be unsecured claims.  **Creditors, including, but not limited to Sears, Best Buy, Radio Shack and/or J.C. Penney's Co., claiming secured status, shall serve a copy of said claim, proof of security interest, and an objection to the Plan upon Debtors' counsel no later than deadline in the Notice of Date to File Objections to Chapter 13 Plan and Application for Payment of Administrative Expense.**

   If no objections, and/or proofs of claim are filed, and served upon Debtors' counsel no later than the deadline in the Notice of Date to File Objections to Chapter 13 Plan, claims not specifically named below, will be fully treated as other unsecured claims.

| CREDITOR/<br>SECURITY | CLAIM BALANCE/<br>VALUE OF SECURITY | INTEREST RATE | PAID AS:<br>SECURED/<br>UNSECURED |
|---|---|---|---|
| Sun West Federal Credit Union<br>11839 N 28$^{tth}$ Drive<br>Phoenix AZ  85029-3313<br>2007 Dodge Ram Quad-Cab Truck | $19,857.06<br>$9,330.00 | 8.00% | Debtors will surrender this property in satisfaction of this claim.  Any deficiency balance will be treated as an unsecured claim |

| CREDITOR/<br>SECURITY | CLAIM<br>BALANCE/<br>VALUE OF<br>SECURITY | INTEREST<br>RATE | PAID AS:<br>SECURED/<br>UNSECURED |
|---|---|---|---|
| Desert Schools Federal<br> Credit Union<br>PO Box 2942<br>Phoenix AZ  85062-2942<br>2007 Chrysler T&C Van | $27,323.48<br>$14,955.00 | 8.0% | $27,323.48/<br>Claim to be paid in<br>full with adequate<br>protection payments<br>of $273.00 per month |
| Desert Schools Federal<br> Credit Union<br>PO Box 2942<br>Phoenix AZ  85062-2942<br>2003 Chevrolet Cavalier | $3,676.44/<br>$1,795.00 | 7.50% | $3,676.44/<br>Claim to be paid in<br>full with adequate<br>protection payments<br>of $18.00 per month |

d. **PRIORITY TAX CLAIMS.**

    (1) The following priority tax claims shall be paid in full without post-petition interest. Payment on the priority tax claims shall begin after payment of administrative expenses and secured claims. All taxes not paid by the Plan, shall be discharged by these proceedings. Any liens held by the respective tax agencies will be deemed extinguished, and are to be released upon completion of this Plan.

| TAX AGENCY | TYPE OF TAX/<br>AMOUNT OF TAX | TAX PERIOD |
|---|---|---|
| Not Applicable | | |

    (2) Debtors will initial the following correct response regarding filed/unfiled income tax returns:

T.A.    To the best of our knowledge and belief, we have filed
R.A.    all required income tax returns, both State and Federal.
<u>          </u>

    To the best of our knowledge and belief, we have **NOT**
    filed all required income tax returns, both State and
    Federal. **We are aware that any unfiled tax returns must**
<u>          </u> **be filed immediately or risk the dismissal of the**
    **Chapter 13 case.**

(3) The Chapter 13 Trustee is entitled to copies of the Debtors' income tax returns, both Federal and State, for the following tax years: 2008, 2009 and 2010.

e. **CODEBTOR CLAIMS.** Codebtor claim(s) to the following to be paid in full by this Plan, prior to general unsecured claims pursuant to 11 U.S.C. Section 362(a) and Section 1301.

| CREDITOR | AMOUNT OF CLAIM |
|---|---|
| Not Applicable | |

f. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured with any claims of security interests in property being avoided. Unsecured claims shall be paid the balance of payments under the Plan, prorata allowed in full satisfaction thereof, except for any disputed or rejected claims. Any amounts unpaid shall be discharged. The Chapter 13 Plan meets requirements of Code and achieves Chapter 7 reconciliation.

g. **EDUCATIONAL LOANS.** Any and all educational loans listed below are to be paid in full.

| CREDITOR/SERVICING AGENT | AMOUNT |
|---|---|
| Not Applicable | |

h. **SPECIAL CLASS OF UNSECURED CLAIMS.** Child support arrears listed below shall be paid in full prior to any payments to the unsecured creditors.

| CLAIMANT | AMOUNT |
|---|---|
| Not Applicable | |

4. **OBJECTIONS.** Objections, by all creditors to the Plan, must be received by the deadline for the date to file objections to Plan set forth in the Notice of Date to File Objections to Plan & Certificate of Mailing. A copy of the Notice is on file with the Bankruptcy Court.

5. **LIEN AVOIDANCE.** Debtors may elect to avoid the fixing of liens pursuant to Section 522(b) of the Bankruptcy Code. All secured creditors, except those whose liens are avoidable

pursuant to the provisions of Section 522(b) shall retain their liens until paid as provided for by this Plan.

    6.    **ASSUMPTION OF CLAIMS.**  Debtors elect to assume the existing lease or contract with the creditor(s) named in this paragraph.

| CREDITOR | PROPERTY |
|---|---|
| Not Applicable | |

    7.    **EXCLUSION OF CREDITORS.**  Notwithstanding any other provisions of this Plan, Debtors elect not to assume the existing lease or contract with the creditors named in this paragraph.  These named creditors shall not be dealt with or provided for by this Plan.

| CREDITOR | PROPERTY |
|---|---|
| Not Applicable | |

    8.    **POST-PETITION CLAIMS.**  Claims allowed for post-petition debts incurred by Debtors may be paid in full and in such order and on such terms as the Trustee, in the Trustee's sole discretion, may determine.  Trustee may file to dismiss this case, if the Debtors incur post-petition debts without the written consent of the Trustee and the Debtors' failure to keep such obligations current in payment.

    9.    **GENERAL PROVISIONS.**  If this case is filed as a joint Debtors' case, the Debtors' estate shall be fully consolidated for purposes of administration.  Pursuant to Section 1322(b)(3) of the Bankruptcy Code, the Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.

DATED this 10th day of August, 2009.

    /s/ Tony Lee Apple, Sr.
    Tony Lee Apple, Sr.

    /s/ Ruby Apple
    Ruby Apple

JOHN JOSEPH VOLIN, P.C.

/s/ JJV, #09880
John J. Volin, #09880
2033 E. Warner Rd., #107
Tempe, AZ  85284
Attorney for Debtors

TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR BY THE PLAN

Debtor(s):       Tony and Ruby Apple
Case Number:     2-08-bk-13172
Plan Length:     60 months

I. **THE CHAPTER 13 PLAN:**

| | | |
|---|---|---:|
| A. | Debtor(s)' Unpaid Attorney Fees | $  2,000.00 |
| B. | Priority Claims: | |
| | 1. Taxes | 0.00 |
| | 2. Other | 0.00 |
| C. | Payments to Cure Defaults | 2,668.45 |
| D. | Payments on Secured Claims | 38,835.60 |
| E. | Payments on Special Class | 0.00 |
| F. | Payments on Unsecured, Nonpriority Claims | 371.85 |
| G. | Subtotal | 43,875.90 |
| H. | Trustee's Compensation | 4,875.10 |
| **I.** | **Total of Plan Payments** | **$ 48,751.00** |

II. **CHAPTER 7 RECONCILIATION:**

| | | |
|---|---|---:|
| A. | Value of Debtors' Interest in Nonexempt Property | $    35.00 |
| B. | Value of Property Recoverable Under Avoiding Powers | 0.00 |
| C. | Less: Estimated Chapter 7 Administrative Expenses | 9.64 |
| D. | Less: Allowed Priority Claims | 0.00 |
| E. | Equals Estimated Dividend for Unsecured, Nonpriority Creditors under Chapter 7 | 25.36 |
| F. | Estimated Dividend to Unsecured, Nonpriority Creditors Under Plan (from I.F. above) | $   371.85 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.